May it please the Court, Brenda Wexler, Assistant Federal Defender for the District of Nevada, representing the appellant Matthew Jensen. Your Honors, our argument today consists really of two prongs. One is that the textual reading of the statute leads to absurd results. The second prong has to do with how the First and Sixth Circuit interpreted the statute, which really completely ignores Congressional intent in this case. You do agree that if we were to disagree with the other two or three circuits, we would be swimming upstream. We'd be disagreeing with everyone else, right? But we're the Ninth Circuit, and we'll do that. Only if it's justified by what we see in the law. And I think that it is justified, because the reality is that when you read this statute, when you look at what Congress intended, the common-sense reading of the statute does not intend for a person to be serving more time. I mean, I have a different problem, which I don't think the literal reading of the statute does this. And I'd like you to tell me, to read the whole introductory sentence and tell me how it applies to the situation. I mean, they seem to read this in connection with language, but it doesn't apply. Correct. So then what? How does it – how do you even get to this situation? Okay. So this is how I propose that we read this. So the first part that I think Your Honor is referring to is if the person was released in connection with a charge of. I think that's sort of the crucial part of the statute in this case. It doesn't apply to this. Well, let's suppose, hypothetically speaking, that Mr. Jensen in this case had been released right after his initial appearance for violation of supervised release. There is no question that actually Mr. Jensen was detained throughout the whole course of his possession of mail key case. He was detained pending the sentencing. He did his time. He started supervised release. Let's assume for a second that Mr. Jensen had been released during the initial appearance after the violation of supervised release. It is absolutely clear that Mr. Jensen would have been released in connection with the violation of supervised release. He would have never been released in connection with the possession of mail key count because that never happened. So how do we, even as currently as I understand it, and maybe I'm wrong about this, what he was, his actual release was after his revocation hearing. Correct. He was given a day to appear. Correct. So that seems to have been, so then you follow that first sentence on, and it wasn't while awaiting sentence. It wasn't while surrender for service. It was possibly surrender for service of sentence. So the in connection with language doesn't apply. Surrender for connection, surrender for service of sentence, if it's anything. Correct. So it would be if the person was released while awaiting surrender for service of sentence. But was the surrender for service of sentence before an offense? Well, he was surrendering for, it's after conviction for the offense. It was after conviction for the offense, but it wasn't a sentence for the offense. He was, he failed to appear for a sentence for violation of supervised release. His possession of mail key sentence was completed, done. And I'm just. Wait, wait, wait. I guess I want, you, I'm not sure I understand your answer. I'm looking at 3146A. Do you agree or disagree with the proposition that he failed to surrender for service of sentence pursuant to a court order? Does he fit in that category or not? Pursuant to, yes. Did he fail to surrender for service of sentence pursuant to a court order? He does. Okay. So then he is punished as provided in subsection B. Right? Correct. Okay. So then under B, where do you think he fits and why? Well, I think the most analogous place, and I realize, and our argument is that, frankly, the statute simply does not fit supervised release violations. And there's plenty of congressional explanations as to why that's not the case. But the most analogous situation would be subsection 3, which is any other felony. I'm completely aware of the problems that we face with the definitions in this  I was impressed with the Sixth Circuit analysis. It was straightforward and made sense. What do you find wrong with that? When I was a district court judge and I ordered people to appear, I thought they violated the order when they didn't appear. And so what Judge Merritt said there made a lot of sense to me. What's wrong with the analysis of the Sixth Circuit? Well, both the First and the Sixth Circuit seems to me to be the same sort of analysis. And the problem is that it leads to absurd results. The two main absurd results are that you can actually do more time for failing to appear than the offense for which you're failing to appear for. We have the Congress doing absurd things all the time. That's not new. But if the statute doesn't apply by its own terms, then where are you? Isn't Judge Merritt right? I don't think so, Your Honor. I think that this Court can actually read the statute in a way that makes most sense, and in this case would be applying subsection 3, because what Congress intended is to really sort of grade the penalties, the punishment in this case, incrementally to correspond with the offense for which you failed to appear. There is no question, if you just look at the statute, that if the offense is one that faces life, you're able to look at up to 10 years of penalty. If the penalty for the original offense is up to 15 years, then it's five years, and so on and so forth. In this case, Mr. Jensen was running away from at most two years. He was not running away from 10 years, which is the possession of male key statutory maximum. Well, that's assuming that he's checked the rules and he knows what he's running away from. But tell me specifically, where would you disagree, other than you think this is a better reading, where would you disagree with the analysis of Judge Merritt? Of the... The Sixth Circuit case. With respect to the definition, how the definitions apply, well, first of all, I want to say that I don't think that they do apply. It's important to note that the definitions were enacted before supervised release. Supervised release was enacted in 1984, as applied in 1987, and the definitions in this case were enacted prior to that, so I think that is important. But... Well, go ahead. Go ahead. I'm sorry. Thank you, Your Honor. But I think that if we really want to force these definitions into this context, which is what the First and Sixth Circuit, in my opinion, in our argument, have done, then I think that you can actually read the definitions to fit Mr. Jensen's situation or to fit in this case the meaning of offense. But his failure to appear was not a felony, right? According to the definitions, no. So if we're strictly applying 3156... So if... Then subsection little 3 can't really be applicable. I don't think any... I mean, it takes you by logic, it seems to me, back to the original crime of conviction, just by the logic of the whole section, because, as you say, the more serious the original crime, the longer the potential period of sentence or punishment for a failure to surrender. So it seems to me fairly clear cut that what they're telling you to look at is what is the maximum punishment for the original crime. I mean, that's the most straightforward reading. It's a plain reading. It's a textual reading of the statute, and it goes hand in hand with the definitions. I do not argue against that. My argument is that, as clearly seen in a case like this, it leads to absurd results. And... Have you gone back and looked at the question? When I was puzzling over this, it seemed to me that in order to answer this question, I first had to know how this nonappearance was a crime under the statute at all. Because, I mean, the real problem here is that, as you recognize, what your position really leads to is none of the punishment provisions apply. And it would seem strange for Congress to write a statute that has a crime without a punishment. So then the question becomes, what's the – does the crime actually apply? And so I sort of ran that through, and it seems to me it applies only if the provision under which it would have to apply, because it has to be something under this chapter, would be – it says a judicial officer has to be released under this chapter. And so it would have to be, I guess, under 3141, a judicial officer of a court of original jurisdiction over an offense or a judicial officer of a Federal appellate court shall order that pending imposition or execution of sentence or pending appeal of conviction or sentence, a person be released or detained under this chapter. And you would have to get there from the fact that he has jurisdiction – he had jurisdiction over the offense, even though this is not about the offense. It's something that clearly we did not raise in this case. I think, looking back, we could have – I understand it wasn't raised. But it seems to me that if you don't know – I mean – And it's interesting, Your Honor, if I could – some of the opinions of First District, if he had been released, he would have been released according to 3143, which I think what – I was just reading 3141. And I think 3143 has to do with failure to appear pending sentence. But that's yet another reason why I think that the statute clearly does not fit, because Mr. Jensen was not pending sentence. He had already been sentenced. He just had to surrender for service of his sentence. So the reality is we have a statute that I think clearly does not fit parole violations or supervised release violations. Well, it may fit parole better, because in parole you're just playing out the sentence for the offense. True. It fits much better than the supervised release situation. But nevertheless, how would you be released pursuant to this subchapter, even in the parole violation? Because when you're released to the streets, it's not pursuant to the Bail Reform Act that you're being released. You're being released pursuant to parole rules. Thank you, counsel. We will hear from the government. Thank you, Your Honor. May it please the Court. Peter Levitt for the United States appealee. The statutory maximum term of imprisonment for a supervised release violation can't be the offense that determines the failure to appear penalty. Why? Because a supervised release violation is not an offense. It's not a felony and it's not a misdemeanor. And those are the only two types of offenses 3146B addresses. Therefore, as Judge Graber pointed out, this necessarily takes us back to the original crime of conviction. And that, as the First and Sixth Circuits have held, state quite clearly that in this case it was the mail fraud conviction that determines the maximum length of sentence for the failure to appear. Counsel, what's your answer to Judge Berzon's question, though, about whether 3146 applies at all? That is, is this individual someone who has, quote, been released under this chapter, end quote? It does, Your Honor. He's been, he's been, it all relates back, as the Supreme Court has stated in Johnson, to the original conviction sentence for mail fraud. At the time of that conviction, the district court imposed a unitary sentence comprised of two parts. The first part was the term of custody. After that's complete, the second part on the mail fraud is a term of supervised release. This defendant wouldn't have been in court but for the mail fraud conviction upon which the term of supervised release was imposed as part of the original sentence. That's what he was released under 3143. Pardon me? He was released under 3143. What was he released under? What part of the subchapter, of this chapter was he released under? I do not know that off the top of my head, Your Honor. I know that after his supervised release was revoked and he was given one day to surrender. I know that, but I'm asking a statutory question. How does this, since there is a reference back that says he has to have been released under this chapter, what part of the chapter was he released under? I mean, I understand that that isn't being challenged here, but the reason it seems important to me is because it seems to me that the, that in fact, literally, the punishment section doesn't apply to this at all, literally. So you have to doctor it one way or another. And I'm comfortable doctoring it if the whole statute as a whole makes some sort of sense with regard to the, regarding the offense as the underlying offense. But if not, then why are we doctoring it? Your Honor, I think the best answer to that is in footnote 5 of the Smith opinion, where the First Circuit states that there's no need for statutory interpretation here because the plain language of the statute addresses the ---- Okay. But they're wrong, because they read the statute, as I understand it, as saying if the person, they got around this with the in connection with language, and they read the statute, the punishment provision, 3146B, as saying that he was released in connection with a charge of whatever his first underlying case was. But that language just doesn't apply to this. I mean, because the connection, if you read, at least in this circumstance, because the connection with a charge up does not carry over to the, to the case itself. And so I think the best answer to that is in footnote 5 of the Smith opinion, where they read, if the person was released while awaiting surrender for service of sentence, after conviction for an offense. And in order to read it your way, then, you have to jump, you have to say after that, the after conviction for an offense just kind of jumps everything that happened in between. And this was Judge Salia's problem. Well, Your Honor, he was, well, Jensen, like Phillips, with which this case is procedurally identical, was convicted, was awaiting surrender for service of sentence after conviction for one of two things, a felony or a misdemeanor. And a supervised release violation can't be either. So the Phillips court held this only leaves one possible offense. I understand it. So what I'm saying is that you're therefore doctoring this, that it's not a literal reading. Your way, either. I believe Judge Salia conceded that a literal reading. I have, but I don't understand that because, as I say, I think that if you look at the first – in order to get there, you have to waddle your way through the first sentence. The introductory phrases. The in connection with the charge of? Which doesn't apply to this. That's disjunctive, right. The or, while awaiting the sentence. Surrender for service of sentence. That's not this. Surrender. After conviction for. But in order to say that, he's not – he was sentenced and it was after conviction, but it was also after – it could have been after conviction for something completely different. The fact is that there's not a connection between the sentence and the conviction. Your Honor, I don't know if that's the case because, as the First Circuit said, and I would respectfully submit that this analysis is quite correct, is that the plain language of the statute addresses the situation of an individual who is on supervised release for whom every court appearance is in connection with the original charge that led to that supervised release. I understand. You say it's the in connection language that applies, not the surrender for service of sentence. That may be – there's a slight procedural distinction between Smith and our case and Phillips in that, in Smith, the defendant simply failed to appear for his final revocation hearing, whereas in our case and in Phillips, the defendant did appear, his supervised release was revoked, sentence was imposed, and defendant was ordered to surrender, and defendant did abscond. I would respectfully submit that that is the correct analysis, notwithstanding the fact that the in connection with a charge may be being conflated with the while awaiting surrender for service of sentence, because in either event, regardless of which pigeonhole into which a particular case fits, the bottom line is that a failure to appear, statutory maximum, is based on the offense, and the offense can only be one of two things, a felony, as Jensen contends, or a misdemeanor. And to be a felony, it has to be a criminal offense, it has to violate an act of Congress, and it has to be triable in Federal court, and it's not. The original inclusion of the term of supervised release is authorized by 18 U.S.C. section 3583, and it provides for the length of supervised release for how it's modified or revoked and what happens when it's revoked. And I guess that going back to the original question, that isn't literally in the same chapter as section 3146. The sentencing chapter is chapter 227, and the release and detention chapter is 207. And I think that was perhaps the source of Judge Berzon's original question. So would – is there a part of chapter 207 that refers back to this type of release, or is that the one place where we have to infer congressional intent? I believe the latter, Your Honor. Congressional intent can be and should be inferred from the plain language of the statute, which is the best evidence, as we know, of congressional intent. Wait a minute. Which statute? 3141 or 3146? 3146, Your Honor. But I believe the pronouncement of this Court in Scientology that the language of a statute offers the best intent of Congress's intention applies to all statutory construction. I believe – And if it did, but – I mean, working one's way through the statute with this problem in mind doesn't seem to me to lead to anything obvious. I mean, it could lead to the fact that there's a crime without a sentence. It could lead to the fact that there's no crime. It could lead to the fact that, as you say, it's the offense that matters. Or it's really kind of a mess. I don't know if I would agree with the characterization that it's a mess, Your Honor. But I would urge the Court to adopt the analyses of the First and Sixth Circuit, because those speak to the only possible statutorily defined felony that can possibly serve as the basis for the length of the failure-to-appear statute, in this case, Jensen's mail fraud. Thank you. Thank you, counsel. You went beyond your original time, but we used a lot of it with questions. If you'd like one minute for rebuttal, you may have it. Your Honor, I appreciate that, but I can't say anything. Thank you. The case just argued is submitted. We appreciate the arguments of both counsel.
judges: Wallace, Graber, Berzon